UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKIKO NAKAGAWA
        Plaintiff,

v.                                                                                                         Case No. 2:25-cv-12011
                                                                                              Hon. Jonathan J. C. Gray

MICHIKO NAKAMA, MOUSA AHMAD,
SONNY MANDOUH, SUMMIT FINANCIAL LLC,
WARREN FUNDING LLC and AZA
MANAGEMENT LLC

        Defendants.
And

SONNY MANDOUH and SUMMIT FINANCIAL LLC,

        Cross-Plaintiffs

v.

MICHIKO NAKAMA and WARREN FUNDING LLC

        Cross-Defendants

_____

## **ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND CROSS COMPLAINT**

NOW COMES Defendants Sonny Mandouh and Summit Financial LLC by and through their attorney, Amir Makled of HALL MAKLED P.C., and in support of the instant answer says as follows unto this Honorable Court.

## PARTIES, JURISDICTION, VENUE

1. In answer to paragraph 1, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

2. In answer to paragraph 2, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

3. In answer to paragraph 3, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

4. In answer to paragraph 4, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

5. In answer to paragraph 5, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

6. In answer to paragraph 6, Defendants admit the same is true.

7. In answer to paragraph 7, Defendants admit the same is true..

8. In answer to paragraph 8, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

9. In answer to paragraph 9, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

## GENERAL ALLEGATIONS

10. In answer to paragraph 10, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

11. In answer to paragraph 11, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

12. In answer to paragraph 12, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

13. In answer to paragraph 13, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

14. In answer to paragraph 14, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

15. In answer to paragraph 15, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

16. In answer to paragraph 16, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

17. In answer to paragraph 17, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs

18. In answer to paragraph 18, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

19. In answer to paragraph 19, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

20. In answer to paragraph 20, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

21. In answer to paragraph 21, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

22. In answer to paragraph 22, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

23. In answer to paragraph 23, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

24. In answer to paragraph 24, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

25. In answer to paragraph 25, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

26. In answer to paragraph 26, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

27. In answer to paragraph 27, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

28. In answer to paragraph 28, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

29. In answer to paragraph 29, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

30. In answer to paragraph 30, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

31. In answer to paragraph 31, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

32. In answer to paragraph 32, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

33. In answer to paragraph 33, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

34. In answer to paragraph 34, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proof.

**COUNT I – BREACH OF FIDUCIARY DUTY (Defendant Nakayama)**

35. Defendants realleges and restates all answers as previously set forth above.

36. In answer to paragraph 36, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

37. In answer to paragraph 37, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

38. In answer to paragraph 38, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

39. In answer to paragraph 39, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

40. In answer to paragraph 40, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

## COUNT II – FRAUD (Defendant Nakayama)

41. Defendants realleges and restates all answers as previously set forth above.

42. In answer to paragraph 42, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

43. In answer to paragraph 43, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

44. In answer to paragraph 44, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

45. In answer to paragraph 45, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

46. In answer to paragraph 46, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

47. In answer to paragraph 47, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

## COUNT III- SILENT FRAUD (Defendant Nakayama)

48. Defendants realleges and restates all answers as previously set forth above.

49. In answer to paragraph 49, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

50. In answer to paragraph 50, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

51. In answer to paragraph 51, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

52. In answer to paragraph 52, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

53. In answer to paragraph 53, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

54. In answer to paragraph 54, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

**COUNT IV – CIVIL CONSPIRACY (All Defendants)**

55. Defendants realleges and restates all answers as previously set forth above.

56. In answer to paragraph 56, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs.

57. In answer to paragraph 57, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs. Defendants deny engaging the wrongful acts as alleged.

58. In answer to paragraph 58, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs. Defendants deny engaging the wrongful acts as alleged.

59. In answer to paragraph 59, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs. Defendants deny engaging the wrongful acts as alleged.

60. In answer to paragraph 60, Defendants can neither admit nor deny for lack of information from which to form a belief and leaves Plaintiff to her proofs. Defendants deny engaging the wrongful acts as alleged.

**COUNT V – BREACH OF CONTRACT (Defendants Mandouh and Summit)**

61. Defendants realleges and restates all answers as previously set forth above.

62. In answer to paragraph 62, Defendants admit it as true.

63. In answer to paragraph 63, Defendants admit it as true.

64. In answer to paragraph 64, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

65. In answer to paragraph 65, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

66. In answer to paragraph 66, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed

them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

## COUNT VI – FORECLOSURE OF MORTGAGE (Defendants Mandouh and Summit)

67. Defendants realleges and restates all answers as previously set forth above.

68. In answer to paragraph 68, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

69. In answer to paragraph 64, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

70. In answer to paragraph 64, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

71. In answer to paragraph 64, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed

them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

72. In answer to paragraph 64, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

73. In answer to paragraph 64, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

74. In answer to paragraph 64, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

75. In answer to paragraph 64, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

76. In answer to paragraph 64, Defendants deny it, as it is untrue. Defendants further state that Defendant Nakayama acting as Plaintiff's agent instructed

them to deed over the properties in question to Defendant Warren Funding LLC in exchange for satisfaction of the debt.

WHEREFORE, Defendants pray for a judgment for no cause for action and to be awarded cost and attorney fees so wrongfully sustained as to all allegations.

Respectfully submitted,

/s/*Amir Makled*
Amir Makled P76306
HALL MAKLED P.C.
23950 Princeton Street,
Dearborn, MI 48124
313-788-8888
amakled@hallmakled.com

## **AFFIRMATIVE DEFENSES**

1. In further answer and by way of affirmative defense, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. All claims contained in Plaintiff's Complaint are barred because Plaintiff's actions are attempting to create and impose unfounded and non-statutory obligations on Defendant.

3. All claims contained in Plaintiff's Complaint are barred from recovery due to Plaintiff's misrepresentation and/or bad faith.

4. All claims contained in Plaintiff's Complaint are barred from recovery due to Plaintiff's fraud and bad faith.

5. All claims contained in Plaintiff's Complaint are barred because Plaintiff has not acted fairly throughout the course of the parties' business relationship and is thus equitably estopped from pursuing legal action.

6. All claims contained in Plaintiff's Complaint are barred because Plaintiff conveyed untrue statements to Defendant, whereby Defendant relied on those statements, thus forming a promissory estoppel.

7. All claims contained in Plaintiff's Complaint are barred because Plaintiff has failed specific performance on its end of the contract.

8. All claims contained in Plaintiff's complaint are barred since Plaintiff has not suffered any damages upon which it is entitled to recovery from Defendants.

9. All claims contained in Plaintiff's Complaint are barred because Plaintiff's actions are attempting to create and impose extra-contractual obligations upon Defendant.

10. All claims contained in Plaintiff's Complaint are barred because Plaintiff's damages were caused in whole or in part by the actions of Plaintiff or a third party.

11. All claims contained in Plaintiff's Complaint are barred because Defendant has substantially complied with the terms of the contract.

12. To the extent that discovery reveals that Plaintiff's claims against Defendants may be barred because no causation exists between the actions of Defendants

and the damages alleged by Plaintiff, then Defendants will assert that lack of causation as a bar to Plaintiff's claims. Additional facts supporting this Affirmative Defense may become known through further investigation and discovery, which is ongoing.

13. Defendant reserves the right to add any other special or affirmative defenses which may become known or warranted during the course of subsequent discovery or investigation.

14. Defendant demands an answer from Plaintiff to each and every affirmative defense and other special defenses stated herein.

Respectfully submitted,

/s/*Amir Makled*
Amir Makled P76306
HALL MAKLED P.C.
23950 Princeton Street,
Dearborn, MI 48124
313-788-8888
amakled@hallmakled.com

## CROSS COMPLAINT

Now Comes Defendants/Cross Plaintiffs Sonny Mandouh and Summit Financial LLC by and through counsel and for their Cross Complaint against Defendant/Cross Defendant Michiko Nakayama and Defendant/Cross Defendant Warren Funding LLC as follows:

1. Cross Plaintiffs Sonny Mandouh and Summit Financial LLC ("Summit) is a Michigan resident and Michigan Limited Liability Company respectively.

2. Cross Defendant Michiko Nakayama ("Nakayama")is an individual, upon information and belief residing in Las Vegas Nevada, and at all relevant times acted as the original Plaintiff Makiko Nakagawa's ("Nakagawa") agent in overseeing real estate investments and secured loans in Michigan. Nakagawa is a resident of Taipei, Taiwan.

3. Cross Defendant Warren Funding LLC ("Warren") is a Michigan Limited Liability Company whom managing member is now alleged to be Nakayama

4. Nakayama arranged for Nakagawa to loan Summit funds secured by multiple properties to wit:

    a. 640 Chicago Blvd, Detroit, MI

    b. 14548 Archdale St, Detroit MI

    c. 19701 Cheyenne St, Detroit MI

5. Nakayama acting as Nakagawa's agent instructed Summit to transfer title to above referenced properties to Warren in exchange for satisfaction of the loans secured by those properties.

6. Nakayama knew that Summit would rely on her representation that the loans would be satisfied in exchange for the property transfers.

7. Summit in fact relied on those representations and to Summit's detriment transferred title to the properties in question to Warren. But for those representations Summit never would have transferred title of the properties to Warren and would have continued to honor its loan obligations.

## COUNT I – FRAUD

8. Summit realleges and restates all allegations as set forth in this Cross Complaint.

9. Nakayama made multiple material misrepresentations of fact to Summit, including but not limited to:

    a. Falsely representing that Nakagawa was aware of the property transfers of title to Warren

    b. Falsely representing that in exchange for the property transfers of title to Warren the loans secured by the properties would be satisfied.

10. Nakayama knew that these representations were false when made or made them with reckless disregard for the truth.

11. Nakayama intended for Summit to rely on these misrepresentations in making a significant financial decision.

12. Summit reasonably relied on Nakayama's statements due to Nakayama's position and apparent authority.

13. Because Nakayama was managing member of Warren the fraudulent recipient of Summit's properties, Warren should likewise be liable for the return of the properties to Summit.

14. Nakayama's actions were intentional, willful, and malicious, warranting an award of punitive damages in addition to compensatory relief.

Wherefore, Cross Plaintiffs request judgement against Nakagawa and Warren in the appropriate amount along with return of the properties and all other appropriate equitable relief plus cost and attorney fees.

Respectfully submitted,

/s/*Amir Makled*
Amir Makled P76306
HALL MAKLED P.C.
23950 Princeton Street,
Dearborn, MI 48124
313-788-8888
amakled@hallmakled.com