**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**


MAKIKO NAKAGAWA,

      Plaintiff,

                                    Case No. 2:25-cv-12011-JJCG-DRG

vs.                                 Hon. Jonathan J.C. Grey

                                      Hon. David R. Grand

MICHIKO NAKAYAMA,
MOUSA AHMAD,
SONNY MANDOUH,
SUMMIT FINANCIAL LLC,
WARREN FUNDING LLC and
AZA MANAGEMENT LLC,

      Defendants.

---

**DEFENDANT WARREN FUNDING, LLC'S
MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(1)**

---

Defendant Warren Funding, LLC ("Defendant"), by and through its counsel Dickinson Wright PLLC, hereby moves, pursuant to Fed. R. Civ. P. 12(b)(1), for dismissal of Plaintiff Makiko Nakagawa's ("Plaintiff") Complaint.  In support of the Motion, Defendant relies on the facts and law set forth in its accompanying Brief in Support of this Motion, Supporting Declarations, and Exhibits.

Pursuant to Local Rule 7.1(a), counsel for Defendant hereby state that despite reasonable and timely efforts specified in the motion or request, the movant was unable to conduct a conference.

**WHEREFORE**, Defendant respectfully requests that the Court enter an Order:  (1) granting this Motion; (2) dismissing Plaintiffs' Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1); (3) awarding Defendant its costs and attorney's fees incurred in bringing this Motion; and (4) granting any further relief that the Court deems just under the circumstances.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Daniel D. Quick*
Daniel D. Quick (P48109)
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
dquick@dickinsonwright.com
*Attorneys for Def. Warren Funding LLC*

Dated:  October 8, 2025

1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MAKIKO NAKAGAWA,

     Plaintiff,

                                         Case No. 2:25-cv-12011-JJCG-DRG

vs.                                  Hon. Jonathan J.C. Grey

                                         Hon. David R. Grand

MICHIKO NAKAYAMA,
MOUSA AHMAD,
SONNY MANDOUH,
SUMMIT FINANCIAL LLC,
WARREN FUNDING LLC and
AZA MANAGEMENT LLC,

     Defendants.

_____

## DEFENDANT WARREN FUNDING, LLC'S BRIEF IN SUPPORT OF
## ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(1)

_____

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Whether this Court should grant Defendant Warren Funding, LLC's Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) where there is not complete diversity between the parties as required by 28 U.S.C. § 1332.

Warren Funding answers:        **Yes.**

## I.   <u>INTRODUCTION</u>

Plaintiff Makiko Nakagawa ("Plaintiff") brought numerous claims against numerous defendants, including Warren Funding, LLC ("Defendant"), arising out of several real estate transactions by and between the parties.  Jurisdiction in this Court is premised upon diversity jurisdiction under 28 U.S.C. 1332.  (ECF No. 1, "Compl." ¶ 8.)  Plaintiff is a resident of a foreign country, residing in Taiwan. (Compl. ¶ 1.)  Plaintiff's Complaint alleges, upon information and belief, that defendant Michiko Nakayama is a resident of Nevada.  (Compl. ¶ 2.)

In fact, Ms. Nakayama is a Japanese citizen who resides in Thailand.  (Ex. 1, Declaration of Michiko Nakayama ("Nakayama Decl.") ¶ 5.))  Upon information and belief, Plaintiff knows this, and no good faith belief existed at the time the Complaint was filed supporting the averment.

But at the very least, Plaintiff's counsel was advised of this fact on September 29, 2025, and was asked to voluntarily dismiss the case.  (Ex. 2 at 2.)  Plaintiff's counsel did not respond and ignored a follow up email of October 3.  (*Id.* at 1.)  On October 6, with Defendant's response to the Complaint due on October 8, a final request was made, with a note that if the case was not dismissed, sanctions would be sought.  (*Id.*)  Again, Plaintiff's counsel did not respond.  (*Id.*)

Under established precedent, the presence of foreign citizens as both a plaintiff and defendant destroys diversity jurisdiction.   Accordingly, Defendant

1

respectfully requests the Court to dismiss the Complaint and impose attorney fees and costs upon Plaintiff and/or counsel.

## II.   STATEMENT OF FACTS

Plaintiff filed a Complaint against numerous parties, including Defendant, on July 3, 2025.  (*See generally*, Compl.)  Plaintiff's Complaint asserts a variety of claims against all defendants resulting from real estate transactions which occurred in Wayne County, Michigan between 2022 and 2025.  (*Id.*)

Ms. Nakayama is named both personally and as the member of Warren Funding, LLC.  (Compl. ¶¶ 2-3.)  In her Complaint, Plaintiff sought to establish diversity of the parties by asserting that Ms. Nakayama resides in Las Vegas, Nevada.  (Compl. ¶ 2.)  However, Ms. Nakayama does not and has not ever resided in the United States.  (Nakayama Decl. ¶¶ 3, 4.)  To the contrary, Ms. Nakayama is and always has been a citizen of Japan and has resided in Thailand at all material times at issue in Plaintiff's Complaint.  (*Id.* ¶ 5.)

## III.   ARGUMENT

### A.    There is no diversity jurisdiction

28 U.S.C. § 1332 provides federal courts with original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and involves "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States and in which citizens or subjects of a foreign state

are additional parties...." *U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 422 (6th Cir. 2008) (citing 28 U.S.C. § 1332(a)).

Where there are foreign parties on each side of the dispute, complete diversity is destroyed. *Akno 1010 Market Street St Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 625 (6th Cir. 2022) (citing *U.S. Motors*, 551 F.3d at 424). Moreover, the determination of the citizenship of the parties is made at the commencement of the action, and any subsequent changes in citizenship are irrelevant to the Court's analysis of diversity. *Id.* at 627.

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a claim on the basis that the court lacks subject matter jurisdiction. *Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011). "In considering a Rule 12(b)(1) motion, a court may look beyond the jurisdictional allegations in the complaint and consider submitted evidence." *Id.* "When the defendant challenges the existence of subject-matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists." *Id. See also Shea v. State Farm Ins. Cos.*, 2 Fed. Appx. 478, 479 (6th Cir. 2001) ("The plaintiff bears the burden of establishing a court's subject matter jurisdiction over a claim.").

Because there are foreign citizens here as both plaintiff and defendant, this Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## B. Defendant is entitled to costs and fees associated with bringing this Motion

Defendant is entitled to reasonable costs and fees associated with bringing this motion because Plaintiff has been made fully aware that Ms. Nakayama does not reside in Las Vegas, Nevada and is indeed a foreign citizen, thereby destroying diversity jurisdiction.  (Ex. 2 at 2.)

Under 28 U.S.C. § 1927, this Court may impose "excess costs, expenses, and attorneys' fees reasonably incurred" on "any attorney" who "multiplies the proceedings in any case unreasonably and vexatiously."  Relief is warranted under § 1927 "when an attorney knows or reasonably should know that a claim pursued is frivolous and yet continues to litigate."  *King v. Whitmer*, 71 F.4th 511, 530 (6th Cir. 2023) (quotes omitted).  The § 1927 standard is objective.  *See In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987).

This Court also retains inherent authority to sanction litigation abuses.  *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991).  "[I]nherent-authority sanctions require a showing of bad faith in addition to frivolousness."  *King*, 71 F.4th at 530.  And the Court may sanction bad-faith conduct even if the conduct is sanctionable under another rule or "the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes."  *Metz v. Unizan Bank*, 655 F.3d 485, 491 (6th Cir. 2011) (cleaned up).

4

Plaintiff's conduct is sanctionable and Defendant is entitled to reasonable fees and costs incurred in bringing this Motion.  *See King v. Whitmer*, 71 F.4th 511, 530 (6th Cir. 2023).

## IV.   CONCLUSION

For the above reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss Plaintiffs' Complaint.  Defendant also respectfully requests this Court to award Defendant reasonable costs and attorneys' fees and award any other relief the Court deems just and necessary under the circumstances.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Daniel D. Quick*
Daniel D. Quick (P48109)
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
dquick@dickinsonwright.com
*Attorneys for Def. Warren Funding LLC*

Dated:  October 8, 2025

4932-4600-63844[115189-1]

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MAKIKO NAKAGAWA,

     Plaintiff,

                                    Case No. 2:25-cv-12011-JJCG-DRG

vs.                               Hon. Jonathan J.C. Grey

                                 Hon. David R. Grand

MICHIKO NAKAYAMA,
MOUSA AHMAD,
SONNY MANDOUH,
SUMMIT FINANCIAL LLC,
WARREN FUNDING LLC and
AZA MANAGEMENT LLC,

     Defendants.

---

## CERTIFICATE OF SERVICE

---

     I hereby certify that on October 8, 2025, the foregoing documents (Defendant Warren Funding LLC's Motion to Dismiss and Brief in Support), were electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing upon all registered counsel, and serve same.

                              By: */s/ Nancy Cohen* _____
                              Legal Secretary, Dickinson Wright PLLC