UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKIKO NAKAGAWA,                          Case No. 2:25-cv-12011-JJCG-DRG

    Plaintiff,                            Hon. Jonathan J.C. Grey

v                                         Magistrate Judge David R. Grand

MICHIKO NAKAYAMA, MOUSA
AHMAD, SONNY MANDOUH,
SUMMIT FINANCIAL LLC, WARREN
FUNDING LLC, and AZA
MANAGEMENT LLC,

    Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT WARREN FUNDING, LLC'S
MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(1)**

By and through counsel, Plaintiff respectfully requests that this Honorable

Court deny Defendant's motion to dismiss. In its motion to dismiss, Defendant

Warren Funding, LLC's ("Warren Funding") contends that Plaintiff's complaint

lacks diversity under 28 U.S.C. § 1332. However, based on official public records

and a state-issued identification, Plaintiff asserts complete diversity that Defendant

Michiko Nakayama ("Nakayama") has continuously resided and conducted

business in Las Vegas, Nevada.

WHEREFORE, for the reasons set forth in the accompanying brief, Plaintiff requests this Honorable Court deny Defendant's Motion to Dismiss.

Respectfully Submitted,

SOBLE PLC

/s/ George T. Blackmore
David Soble (P49662)
George T. Blackmore (P76942)
31800 Northwestern Hwy, Ste 350
Farmington Hills, MI 48334
(888) 789-1715
dsoble@provenresource.com
gblackmore@provenresource.com
Counsel for Plaintiff

Date: October 21, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKIKO NAKAGAWA,                         Case No. 2:25-cv-12011-JJCG-DRG

     Plaintiff,                         Hon. Jonathan J.C. Grey

v                                        Magistrate Judge David R. Grand

MICHIKO NAKAYAMA, MOUSA
AHMAD, SONNY MANDOUH,
SUMMIT FINANCIAL LLC, WARREN
FUNDING LLC, and AZA
MANAGEMENT LLC,

     Defendants.

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT WARREN
FUNDING, LLC'S MOTION TO DISMISS**

---

## <u>STATEMENT OF ISSUES PRESENTED</u>

Whether there is substantial evidence demonstrating complete diversity under 28 U.S.C. § 1332 sufficient to deny Defendant Warren Funding, LLC's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1).

Plaintiff's Answer: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**Rules:**

28 U.S.C. § 1332

Federal Rule of Civil Procedure 12(b)(1)

MCL 450.1241(1)(b)

**Cases:**

*Delay v. Rosenthal Collins Group, LLC*,

      585 F.3d 1003, 1005 (6th Cir. 2009)

*American Telecom Co., L.L.C. v. Republic of Lebanon*,

      501 F.3d 534, 537 (6th Cir. 2007)

*Cartwright v. Garner*,

      751 F.3d 752, 759–60 (6th Cir. 2014)

*United States v. Ritchie*,

      15 F.3d 592, 598 (6th Cir. 1994)

*DLX, Inc. v. Commonwealth of Kentucky*,

      381 F.3d 511, 516 (6th Cir. 2004)

*Wright v. United States*,

      82 F.3d 419, 1996 WL 172119 (6th Cir. 1996)

*Exact Software N. Am., Inc. v. DeMoisey*,

      718 F.3d 535, 541 (6th Cir.2013)

*Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*,

   47 F. App'x 726, 728 (6th Cir. 2002)

*Steel Co. v. Citizens for a Better Env't*,

   523 U.S. 83, 101 (1998)

*Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*,

   43 F.4th 624, 627 (6th Cir. 2022)

## BACKGROUND

This case arises from a series of real estate transactions between Plaintiff Makiko Nakagawa ("Plaintiff") and several defendants, including Warren Funding, LLC ("Warren Funding") and its managing partner, Michiko Nakayama ("Nakayama"). The plaintiff, a citizen of Taiwan, filed this action in good faith under 28 U.S.C. § 1332(a)(2), alleging diversity jurisdiction and damages exceeding $75,000. (ECF No. 1, ¶ 8, PageID.2).

Warren Funding is a Michigan limited liability company, formed and registered with the Michigan Department of Licensing and Regulatory Affairs in July 2023. (ECF No. 1, ¶ 3, PageID.2). Its Articles of Organization list Nakayama as the managing member, with a business address in Clinton Township, Michigan. (ECF No. 1, ¶ 3, PageID.2).

Defendant Nakayama resides in the United States, more specifically in Las Vegas, Nevada. (ECF No. 1, ¶ 2, PageID.1). Through official public records and a state-issued identification, Plaintiff asserts complete diversity that Nakayama has continuously resided and conducted business in Las Vegas, Nevada. (ECF No. 1, ¶ 2, PageID.1). Therefore, Plaintiff properly alleged diversity under 28 U.S.C. § 1332 and Defendant's motion to dismiss should be denied. (ECF No. 1, ¶ 8, PageID.2).

## STATEMENT OF FACTS

Plaintiff filed a Complaint on July 3, 2025, against all defendants resulting from real estate transactions which occurred in Wayne County, Michigan between 2022 and 2025. (ECF No. 1). In early 2022, Plaintiff engaged Nakayama to act as her agent in investing in real estate and loaning funds to borrowers in Michigan. (ECF No. 1, ¶ 10, PageID.3). Plaintiff relied on Nakayama to provide accurate financial assessments, secure investments, and act in a transparent manner. (ECF No. 1, ¶ 12, PageID.3). Nakayama introduced Plaintiff to Defendant Mandouh ("Mandouh"), representing him as an experienced real estate investor who rehabilitated properties for profit. (ECF No. 1, ¶ 13, PageID.3). Plaintiff relied on Nakayama's assurances and agreed to loan funds to Mandouh for multiple properties; however Nakayama had a long-standing business and financial relationship with Mandouh that predated her introduction of him to Plaintiff. (ECF No. 1, ¶ 14, 15, PageID.3). Additionally, Nakayama falsely assured Plaintiff that she would oversee property improvements and maintain regular communication with Mandouh but failed to do so. (ECF No. 1, ¶ 21, PageID.5). Nakayama misled Plaintiff about property sales, failed to disclose her financial gain from the Monica Property, and engaged in fraudulent overbilling by inflating repair costs, issuing redundant invoices, and demanding unjustified payments. (ECF No. 1, ¶ 22, 23, 30, PageID.5, 6). Thus, Plaintiff has suffered substantial financial harm due to

2

fraudulent overbilling, property neglect, and unauthorized expenditures, warranting compensatory and punitive damages. (ECF No. 1, ¶ 34, PageID.7).

On October 8, 2025, Defendant Warren Funding filed their motion to dismiss pursuant to Federal Rule 12(b)(1) stating that Plaintiff lacks diversity over Defendant Nakayama. (ECF No. 7).

## STANDARD OF REVIEW

Subject matter jurisdiction refers to a court's authority to hear the type of case presented. Whether a court has subject matter jurisdiction is a threshold issue that determines whether a plaintiff can bring their claims in a specific court. *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).

In the case of a facial attack, the court takes the allegations of the complaint as true to determine whether the plaintiff has alleged a basis for subject matter jurisdiction. *Id*. In the case of a factual attack, a court has broad discretion with

respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id*.

Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Jurisdiction must be established by a preponderance of the evidence. *Wright v. United States*, 82 F.3d 419, 1996 WL 172119 (6th Cir. 1996).

## ARGUMENT

### A. Defendants motion to dismiss fails because there is sufficient evidence to support that Defendant Nakayama is a citizen of Nevada.

For diversity jurisdiction to exist, the parties must be completely diverse, meaning no plaintiff shares a state of citizenship with any defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Diversity of citizenship must be complete, meaning "no plaintiff can be the citizen of the same State as any defendant." *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir.2013) (citation omitted). Specifically, the citizenship of a limited liability company is determined by "the citizenship of each of its members." *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009) (citation omitted).

4

Thus, when an LLC is a party in a diversity action, the court must know the citizenship of each member and sub-member. *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (citation omitted). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (citation omitted). "When the defendant challenges the existence of subject matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists." *Id.* at 728.

Warren Funding's motion to dismiss under Rule 12(b)(1) fails because Plaintiff has adequately alleged and can establish complete diversity of citizenship. Because Defendant's motion relies on an affidavit to contradict the jurisdictional allegations, it constitutes a factual attack. The Court must therefore consider evidence beyond the pleadings and cannot rely on self-serving statements in the affidavit alone.

The plaintiff, a citizen of Taiwan, is diverse from each defendant, including Michiko Nakayama, who resides and conducts business in Nevada. Because Warren Funding is a Michigan LLC, its citizenship is determined by the citizenship of its members. Defendant relies on an affidavit from Michiko Nakayama asserting

5

that she is a Japanese citizen residing in Thailand. (ECF No.7-2, PageID.113).

However, official public records confirm that Defendant Nakayama has maintained

multiple residential and business connections within the United States, including

several verified addresses throughout Oakland, Macomb, and Wayne Counties,

Michigan, as well as historical residences in Nevada, Arizona, New York, and

Massachusetts. (Exhibit A). Through a diligent search, public records further

reflect that Nakayama holds a Nevada-issued driver's license linked to her Nevada

residence at 3157 N. Rainbow Blvd., Las Vegas, NV, and a Social Security

Number issued in Massachusetts between 1997–1999, establishing her

longstanding legal presence in the United States. (Exhibit A). Nakayama's long-

term Nevada address, state-issued driver's license tied to Las Vegas, U.S. Social

Security Number, and decades of domestic property and business activity shows

that she has not only resided in the United States but has chosen to make Nevada

her home base for personal and business affairs. (Exhibit A). These facts, taken

together, establish more than mere transient residence, they evidence domicile.

Furthermore, pursuant to MCL § 450.4207(1)(b), every domestic limited

liability company formed in Michigan must continuously maintain "a resident

agent," who must be an individual resident of this state whose business office or

residence is identical with the registered office. Here, Warren Funding's registered

agent is Michiko Nakayama, who is listed as both the organizer and resident agent

6

at 15985 Canal Road, Clinton Township, Michigan 48038. (Exhibit B). By law, that designation confirms that Nakayama represented to the State of Michigan that she maintained a business or residential presence within this state sufficient to receive service of process and transact company affairs. Nakayama's affidavit claims that she "has never lived in the United States" is therefore irreconcilable with the statutory requirements of MCL § 450.4207(1)(b) and Warren Funding's own sworn filings. (Exhibit B). These official records constitute competent evidence of U.S. presence and domicile, supporting Plaintiff's allegation of complete diversity under 28 U.S.C. § 1332(a)(2). Additionally, Defendant Sonny Mandouh and Summit Financial LLC also allege independently of Plaintiff that Nakayama is a Nevada resident. (ECF No. 6, ¶ 2, PageID.98). Thus, the objective record overwhelmingly supports a finding that Nakayama's domicile lies within the United States.

## B.  Plaintiff's Jurisdictional Allegations Were Made in Good Faith and Supported by Objective Evidence.

At the time of filing, Plaintiff had every reason to believe that Defendants were either U.S. citizens or domiciled in the United States. The Michigan business registration, domestic property ownership, and state identification records all provided a factual basis to assert diversity jurisdiction. Plaintiff's reliance on those official sources was reasonable, diligent, and entirely proper.

Defendant's suggestion that counsel acted in bad faith is baseless. Jurisdictional questions involving domicile can be complex, particularly where an individual holds multiple residences or conducts international business. However, Plaintiff has conducted a thorough and independent search regarding Defendant Nakayama's domicile. That investigation included a review of Michigan Department of Licensing and Regulatory Affairs (LARA) business filings, county property and tax records, and public address databases. Thus, dismissal is premature and if further disputed by Nakayama, the parties should be allowed limited discovery to resolve the factual dispute.

## CONCLUSION

For these reasons, Defendant's factual attack on jurisdiction fails. Plaintiff properly alleged complete diversity, supported by official state and property records. In short, Defendant's own actions of forming a Michigan LLC, registering a U.S. address, maintaining domestic identification, and conducting business in Las Vegas demonstrate that her true and continuous domicile lies within the United States. At minimum, the record presents a genuine factual dispute requiring limited jurisdictional discovery. For these reasons, Plaintiff respectfully requests that the motion be denied.

8

Respectfully Submitted,

SOBLE PLC

/s/ George T. Blackmore
David Soble (P49662)
George T. Blackmore (P76942)
31800 Northwestern Hwy, Ste 350
Farmington Hills, MI 48334
(888) 789-1715
dsoble@provenresource.com
gblackmore@provenresource.com
Counsel for Plaintiff

Date: October 21, 2025

## **CERTIFICATE OF SERVICE**

I certify that on October 29, 2025, I electronically filed the foregoing

Plaintiff's Response to Defendant Warren Funding, LLC's Motion to Dismiss

Pursuant to Federal Rule 12(b)(1) and Brief in Opposition with the Court's

CM/ECF system, which will provide notice of this document's filing on all

registered parties.

/s/ George T. Blackmore
George T. Blackmore