UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKIKO NAKAGAWA,

    Plaintiff,

vs.

MICHIKO NAKAYAMA,
MOUSA AHMAD,
SONNY MANDOUH,
SUMMIT FINANCIAL LLC,
WARREN FUNDING LLC and
AZA MANAGEMENT LLC,

    Defendants.

Case No. 2:25-cv-12011-JJCG-DRG

Hon. Jonathan J.C. Grey

Hon. David R. Grand

**DEFENDANT WARREN FUNDING, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(1)**

## I.  INTRODUCTION

Plaintiff's Response only strengthens Defendant's position that this Court lacks subject matter jurisdiction and that Plaintiff had no good faith basis in fact to either file its Complaint alleging diversity jurisdiction, nor in forcing Defendant to file this Motion.

At the outset, the Response ignores—and therefore admits—Defendant's substantive arguments that (1) an action with foreign parties on both sides of the dispute destroys diversity jurisdiction and (2) citizenship of the parties is determined at the commencement of the action, rendering any subsequent changes in citizenship irrelevant to the Court's jurisdictional analysis. (Mot. at 3.) Accordingly, Plaintiff has not met her burden of establishing subject matter jurisdiction as she has not offered any evidence to suggest she or Ms. Nakayama (and hence Warren Funding) are United States citizens.

Further, Plaintiff makes no mention of the fact that counsel for Defendant explicitly informed Plaintiff's counsel that Ms. Nakayama is not a citizen of the United States. The unnecessary incursion of costs, without a good faith basis by Plaintiff, justifies sanctions.

## II.  ARGUMENT

**A.  Plaintiff has not met its burden of establishing jurisdiction over Defendant.**

1

As established, complete diversity must exist for a federal court to have jurisdiction over a diversity action. *Bateman v. E.I. DuPont De Nemours & Co.*, 7 F. Supp. 2d 910, 911 (E.D. Mich. 1998). And when there are foreign parties on each side of the dispute, it is impossible for the Court to have jurisdiction over it. *Akno 1010 Market Street St. Louis Missouri LLC v. Pouraghi*, 43 F.4th 624, 625 (6th Cir. 2022) (citation omitted). Despite these clear guidelines for conferring diversity jurisdiction upon the Court, Plaintiff has not and cannot establish that Ms. Nakayama was a United States citizen and resident when Plaintiff commenced this action. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (requiring U.S. citizenship and domicile to maintain jurisdiction). As such, the fact that both Plaintiff and Ms. Nakayama are foreign nationals destroys diversity jurisdiction. (*See* Ex. 1, Declaration of Michiko Nakayama ¶¶ 3-4, 9-11.)

Plaintiff confusingly cites to *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726 (6th Cir. 2002), on the issue of "domicile." That case, and that concept, applies only to U.S. citizens and determining what state they are a resident of. Aliens, on the other hand, are simply aliens based upon citizenship. *Akno, supra;* see also *Burnett v. Lyon*, No. 2:06-CV-295, 2007 WL 1284938, at *2 (W.D. Mich. Apr. 30, 2007) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." (quoting *Newman-Green Inc.*)). Thus, even a

2

foreign citizen who resides in, and is a permanent resident of, the United States is "an alien for the purposes of diversity jurisdiction." *Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023). In *Katebian v. Missaghi*, a Canadian citizen alleging permanent residency in California attempted to sue numerous defendants, including a mixture of U.S. and Canadian citizens. No. 18-13379, 2021 WL 2381690 at *5 (E.D. Mich. June 10, 2021). The Court rejected jurisdiction over the matter because it is well settled that "if both the plaintiff and defendant are aliens…Section 1332 does not apply because there is no alienage jurisdiction." *Id.* at *6 (cleaned up).[1]

Here, Plaintiff does not even allege citizenship of herself or Ms. Nakayama in the Complaint, instead alleging mere residency. This alone warrants dismissal. *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (dismissal is required when a plaintiff alleges residence but not citizenship because "a mere averment of residence does not aver citizenship." (cleaned up)).

Even if Plaintiff properly alleged that Ms. Nakayama was a *citizen* and resident of the United States (she did not), Plaintiff bears the burden on this Motion

---

[1] Moreover, even if the portion of *Deasy* quoted by Plaintiff applied (it does not), Plaintiff has not satisfied it, since *Deasy* makes clear that a plaintiff "must show more than mere … residence" in a particular state; plaintiff must establish "domicile," which requires that "a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." Nothing in Plaintiff's Response comes close to proving this.

to establish the fact of diversity jurisdiction. Plaintiff's Response offers only claims of: (1) a connection between a Nevada address and real estate and Ms. Nakayama, (2) a state-issued ID from twenty years ago, (3) a SSN issued nearly thirty years ago, and (4) the Warren Funding, LLC entity report from LARA. But none of these facts speak to the only relevant issue: citizenship. Nor does Plaintiff make any effort to bridge the gap between (*e.g.*) a decades old state issued ID and the U.S. citizenship.

First, according to Plaintiff's Response, there was a connection between a Nevada address and Ms. Nakayama from 2003-2007. (Resp. at 6.) Similarly, Plaintiff wrongly implies that because Ms. Nakayama owns a parcel of real property in Nevada that she must be a United States citizen. Plaintiff makes no argument that a foreign national cannot rent or own real estate (they obviously can), nor that such rental or ownership somehow turns a foreign national in to a U.S. citizen. Plaintiff's Response does nothing more than assert facts, then offers no legal support connecting these facts to citizenship. While it is true Ms. Nakayama owns real estate in Nevada for investment purposes, that does not make her a United States citizen. (Nakayama Decl. ¶ 8.)

Second, that Ms. Nakayama once had a state-issued driver's license proves nothing; Plaintiff again offers no supporting legal argument. Even if Ms. Nakayama still held a state-issued driver's license—she does not, having held it only while

4

attending school in the U.S.—it would be nothing more than a factoid. (Nakayama Decl. ¶ 6.)

Third, Plaintiff asserts that Ms. Nakayama was issued a SSN sometime between 1997 and 1999. (Resp. at 6.) Foreign citizens may be issued a SSN if they have permission to work in the United States. Social Security Administration, *Social Security Numbers for Noncitizens*, https://www.ssa.gov/pubs/EN-05-10096.pdf (last visited Nov. 12, 2025). Ms. Nakayama was granted a SSN when she had a part-time job as a graduate student at Harvard University—which she attended on a student visa from Japan. (Nakayama Decl. ¶¶ 3, 5, 7.)

Fourth, Plaintiff asserts that Warren Funding, LLC is registered in Michigan, and therefore federal jurisdiction is proper, while simultaneously admitting that the citizenship of an LLC for jurisdictional purposes is determined by the citizenship of each of its members. (Resp. at 4.) The law governs. That Warren Funding is based in Michigan or has a Michigan-based resident agent address is irrelevant.[2]

For the avoidance of doubt, Ms. Nakayama declared under the penalty of perjury that she has *never* been a United States citizen, and has only ever been issued

---

[2] Plaintiff's Response makes the misguided and irrelevant accusation that if Warren Funding, LLC is to be in compliance with MCL § 450.4207(1)(b), then Ms. Nakayama must have lied in her declaration. Warren Funding's resident agent is at the address listed (a CPA acting as agent for Ms. Nakayama) and, in fact, was served via that resident agent address. To the extent Plaintiff claims this is some technical defect in the LARA filing by Warren Funding, there is no law suggesting that this somehow transmogrifies a foreign alien in to a U.S. citizen.

temporary visas to enter the United States, both of which clearly show she is a Japanese citizen (*Id.* ¶¶ 3-4, 9-11.) As such, since neither Plaintiff nor Ms. Nakayama (and hence Warren Funding) are United States citizens, this Court does not have jurisdiction over this dispute.

### B. Sanctions are warranted against Plaintiff and her counsel

Plaintiff's Response glazes over a critical component of what makes her and her counsel's conduct subject to relief under 28 U.S.C. § 1927. First, Plaintiff's Response blatantly misquotes Ms. Nakayama's initial declaration attached to the Motion to Dismiss by asserting Ms. Nakayama declared she "has never lived in the United States." (Resp. at 7.) This is patently false and manifest bad faith. Ms. Nakayama's declaration was clear that she has never been a *citizen* of the United States. (Mot., Ex. 1.)

Second, while Plaintiff claims that, "[a]t the time of filing, Plaintiff had every reason to believe that Defendants were [subject to this Court's jurisdiction]," (Resp. at 7) Plaintiff offers no facts. In reality, Plaintiff is fully aware that Ms. Nakayama is Japanese because they have personally discussed this. (Nakayama Decl. ¶ 12.) To add, Plaintiff also visited Ms. Nakayama in early 2024 in Thailand precisely because she lives there. (*Id.* ¶ 13.) Plaintiff does not even attempt to defend her refusal to face reality once advised of the facts by counsel. As a result, Defendant was forced to respond with its Motion to Dismiss. Even if Plaintiff had a good faith basis to

6

initiate the proceedings before this Court, there is no possible way that the same argument could be made for continuing this case after September 29, 2025. Accordingly, relief is warranted under § 1927 because counsel for Plaintiff knew the claim they were pursuing was frivolous and continued to litigate anyway. *See King v. Whitmer*, 71 F.4th 511, 530 (6th Cir. 2023).

### III.   CONCLUSION

For the above reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss Plaintiffs' Complaint and to award Defendant reasonable costs and attorneys' fees and award any other relief the Court deems just and necessary under the circumstances.

Respectfully submitted,

By: */s/ Daniel D. Quick*
Daniel D. Quick (P48109)
*Attorneys for Def. Warren Funding LLC*

Dated:  November 12, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MAKIKO NAKAGAWA,

    Plaintiff,

vs.

MICHIKO NAKAYAMA,
MOUSA AHMAD,
SONNY MANDOUH,
SUMMIT FINANCIAL LLC,
WARREN FUNDING LLC and
AZA MANAGEMENT LLC,

    Defendants.

Case No. 2:25-cv-12011-JJCG-DRG

Hon. Jonathan J.C. Grey

Hon. David R. Grand

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025 foregoing documents (Defendant Warren Funding LLC's Reply Brief in Support of its Motion to Dismiss), were electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing upon all registered counsel, and serve same.

    By: */s/ Jill Merlo*
    Legal Secretary, Dickinson Wright PLLC

4902-7143-3079 v5 [115189-1]