UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKIKO NAKAGAWA,

Plaintiff,

v.

Case No. 2:25-cv-12011
Hon. Jonathan J.C. Grey

MICHIKO NAKAYAMA,
MOUSA AHMAD,
SONNY MANDOUH,
SUMMIT FINANCIAL LLC,
WARREN FUNDING LLC,
And AZA MANAGEMENT LLC,

Defendants.
_________________________________/

**OPINION AND ORDER GRANTING DEFENDANT WARREN FUNDING LLC'S MOTION TO DISMISS (ECF No. 7), DISMISSING PLAINTIFF'S CAUSE OF ACTION WITHOUT PREJUDICE, AND DENYING WARREN FUNDING LLC'S REQUEST FOR SANCTIONS**

## I. INTRODUCTION

Defendant Warren Funding LLC ("WFL") moves to dismiss Plaintiff Makiko Nakagawa's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 7.) WFL argues that this Court lacks subject matter jurisdiction as there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 because both Nakagawa and Defendant Michiko

Nakayama are foreign citizens and Nakagawa does not allege federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.*) WFL also seeks sanctions for having to file the motion to dismiss. (*Id.*) The motion is fully briefed. (ECF Nos. 8, 9.) The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument. E.D. Mich. L.R. 7.1(f). For the following reasons, the Court **GRANTS** WFL's motion to dismiss, **DENIES** WFL's request for sanctions, and **DISMISSES** this action **WITHOUT PREJUDICE**.

## II. BACKGROUND

Nakagawa's complaint alleges that she resides in Taipei, Taiwan and that, upon information and belief, Nakayama resides in Las Vegas, Nevada. (ECF No. 1, PageID.1.) Nakagawa also alleges that WFL is a Michigan limited liability company whose managing member is Nakayama. (*Id.* at PageID.2.) Nakagawa asserts state law claims for breach of fiduciary duty, fraud, silent fraud, civil conspiracy, breach of contract, and foreclosure of mortgage, all stemming from real estate transactions in Wayne County, Michigan. (*Id.* at PageID.7–15.) Nakagawa asserts diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* at PageID.2.)

WFL submits a declaration in which Nakayama states that she is not a Nevada resident, is not and has never been a United States citizen, is a Japanese citizen, and resides in Thailand. (ECF No. 7-2, PageID.113.) Nakagawa responds with public records showing Nakayama's connections to the United States. (*See* ECF No. 8.) Those records include Nakayama's domestic addresses, historical residences, a driver's license or state identification record linked to a Las Vegas address, a Social Security number issued in Massachusetts, property ownership, and business activity, as well as WFL's State of Michigan, Department of Licensing and Regulatory Affairs ("LARA") filings naming Nakayama as organizer, managing member, and resident agent. (*Id.* at PageID.129, 133–135.)

WFL replies that Nakagawa's evidence shows some of her contacts with the United States, not her citizenship. (ECF No. 9.) Nakayama's declaration in WFL's reply brief explains that she: (1) received an F-1 student visa to attend Harvard; (2) received a Massachusetts driver's license and Social Security number while under lawful student or authorized work status; (3) owns U.S. real property as an investor but does not reside there; (4) has never held a United States passport or

citizenship; and (5) remains a Japanese citizen residing in Thailand. (ECF No. 9-2, PageID.159–160.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may resolve only those cases Congress authorizes them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Central to this case, Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction.

> Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id.*
>
> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

*Cartwright v. Garner*, 751 F.3d 752, 759–760 (6th Cir. 2014). *See also Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

"If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## IV. ANALYSIS

WFL argues that this Court does not have subject matter jurisdiction because the plaintiff (Nakagawa) is a foreign citizen and at least two defendants (Nakayama and WFL) are deemed foreign citizens for purposes of 28 U.S.C. § 1332. The Court agrees.

### A. Factual Rule 12(b)(1) Attack

In support of its motion to dismiss, WFL submitted declarations, email communications, and travel authorization materials to disprove the jurisdictional allegation that Nakayama is a Nevada resident and United States citizen for diversity purposes. The Court therefore treats the motion as a factual attack, considers evidence outside the pleadings, and holds Nakagawa to her burden of establishing that jurisdiction existed when the action was filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–571 (2004).

## B. Foreign Citizens Appear on Both Sides of this Dispute

Section 1332(a)(2) provides that a district court has jurisdiction over cases in which the amount in controversy exceeds $75,000 and the dispute is between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." *Id.*

Sixth Circuit "caselaw is clear that 'the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2).'" *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 626–627 (6th Cir. 2022) (quoting *U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 424 (6th Cir. 2008)). In other words, "if a foreign citizen sues a foreign citizen," a court "lack[s] subject-matter jurisdiction to decide the dispute" and "must dismiss the case regardless of the time or resources spent on it." *Akno 1010 Mkt. St.*, 43 F.4th at 627 (citing *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 764–765 (6th Cir. 2019)).

It is undisputed that Nakagawa resides in Taipei, Taiwan and is a

foreign citizen. (*See, e.g.,* ECF No. 8, PageID.129, 133.) WFL asserts that Nakayama is a Japanese citizen residing in Thailand, i.e., that Nakayama is also a foreign citizen. In support of WFL's argument, Nakayama declares under penalty of perjury that she is a Japanese citizen, has never been a United States citizen, and resides in Thailand. (ECF No. 7-2, PageID.113; ECF No. 9-2, PageID.159–160.) Nakayama also submitted documentation that shows that her F-1 visa, Massachusetts driver's license, and Social Security number were associated with her Harvard student status and authorized part-time work, while the Nevada property is held as a rental investment. (ECF No. 9-2, PageID.159–160, 167–168.) Moreover, the Electronic System for Travel Authorization materials issued by U.S. Customs and Border Protection that Nakayama attached to her reply brief identify Japan as her country of citizenship and Bangkok, Thailand as her contact location. (*Id.*, PageID.169–171.)

In response to the motion to dismiss, Nakagawa argues that Nakayama resides and conducts business in Nevada and that public records support U.S. domicile. Nakagawa argues that Nakayama resides and conducts business in Nevada and that public records support U.S.

domicile. Nakagawa relies on Nakayama's alleged U.S. addresses, state identification, Social Security number, property and business activities, and WFL's Michigan resident agent filings. The items and information Nakagawa submitted, however, whether considered individually or in the aggregate, do not establish citizenship in any State because residence alone does not establish citizenship. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). Rather, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both **be a citizen of the United States** *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (bold language added, italicized language in original) (citing *Robertson v. Cease,* 97 U.S. 646, 648–649 (1878)). In other words, Nakagawa has not produced any evidence to support a finding that Nakayama has United States citizenship.

For the foregoing reasons, the Court concludes that Nakayama is not a United States citizen and must be treated as a foreign citizen for purposes of 28 U.S.C. § 1332 analysis. Further, since Nakayama is not a United States citizen, WFL also must be considered a foreign citizen for purposes of 28 U.S.C. § 1332 analysis. As an LLC, WFL has the

citizenship of each of its members and sub members, not the LLC's state of organization, registration, principal office, or its resident agent's address. *See, e.g., Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–196 (1990); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Akno*, 43 F.4th at 626. *See also U.S. Motors*, 551 F.3d at 424 (citation and internal quotations omitted) ("it is well established that, under § 1332(a)(2), even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation.").

For the reasons stated above, the Court finds that both the plaintiff and some of the defendants are foreign citizens, such that the Court lacks diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).[1] *Akno*, 43 F.4th at 626–627. Nakagawa also does not plead a federal cause of action that could supply federal question jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, the Court lacks subject matter jurisdiction over this case. Accordingly, the Court **GRANTS** WFL's motion to dismiss and

[1] Nakagawa does not assert that the Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), (3), or (4), and the Court finds that Nakagawa, as a foreign individual, could not satisfy any of those provisions.

**DISMISSES** this cause of action, without prejudice, pursuant to Rule 12(h)(3).

### C. Jurisdictional Discovery

Nakagawa requested limited jurisdictional discovery if the Court finds the jurisdictional facts disputed. (ECF No. 8, PageID.133–136.)

> The party opposing dismissal and requesting discovery has the burden of demonstrating the need for it. *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013) (citing *Freeman v. United States*, 556 F.3d 326, 341–42 (5th Cir. 2009)). The party is "'not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'" *Id.* (citing *Freeman*, 556 F.3d at 342).

*Skidmore v. Access Grp., Inc.*, 149 F. Supp. 3d 807, 810 (E.D. Mich. 2015). Here, Nakagawa's proposed discovery focuses on Nakayama's U.S. contacts, addresses, property, and business filings. The Court finds that further discovery regarding those matters would not establish United States citizenship. Nakagawa has not identified evidence suggesting that Nakayama was born or naturalized in the United States, possessed U.S. citizenship at the time the complaint was filed. Accordingly, the requested jurisdictional discovery would not address the jurisdictional defect. The Court therefore **DENIES** Nakagawa's request for jurisdictional discovery.

### D. Sanctions

WFL seeks costs and attorney fees under 28 U.S.C. § 1927, which grants a court discretion to award sanctions against an attorney who unreasonably and vexatiously multiplies proceedings. 28 U.S.C. § 1927. Sanctions may be appropriate when counsel knows or reasonably should know that a claim is frivolous and continues litigating. *King v. Whitmer*, 71 F.4th 511, 530 (6th Cir. 2023). WFL contends that Nakagawa continued litigating this case in federal court even after WFL demanded voluntary dismissal on three occasions. (*See* ECF No. 7-3, PageID.115–116.)

Although WFL's request for sanctions is not unreasonable, the Court is not persuaded that sanctions are warranted in this case. Nakagawa’s response appears to conflate the significance of residence, contacts, domicile, and citizenship. However, it is evident that Nakagawa investigated public records and made a good faith, though legally insufficient, argument that the records supported domicile or warranted discovery. The Court therefore does not find that Nakagawa unreasonably or vexatiously pursued this cause of action in this Court and **DENIES** the request for sanctions.

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Warren Funding LLC's motion to dismiss for lack of subject matter jurisdiction (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Nakagawa's request for jurisdictional discovery is **DENIED**.

**IT IS FURTHER ORDERED** that Warren Funding LLC's request for costs and attorney fees is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2026

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager